UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
KNOXVILLE DIVISION

| | |
|---|---|
| BELLE MEADE OWNERS ASSOCIATION INC., ) ) ) | |
| Plaintiff, ) ) | Case No.: 3:22-cv-00123 |
| v. ) ) ) | District Judge J. Ronnie Greer<br>Magistrate Judge Debra C. Poplin |
| THE CINCINNATI INSURANCE COMPANY, et al., ) ) ) | |
| Defendants. ) | |

_____

**PLAINTIFF'S UNOPPOSED MOTION FOR FINAL APPROVAL
OF CLASS ACTION SETTLEMENT**
_____

Pursuant to Federal Rule of Civil Procedure 23(e)(1)-(2) and the parties' Settlement Agreement, Plaintiff Belle Meade Owners Association, Inc., on behalf of itself and the proposed Settlement Class ("Plaintiff"), respectfully moves the Court for an order certifying this case as a class action solely for purposes of settlement, and further ordering final approval in accordance with the terms and conditions set forth in the proposed Final Approval Order, attached as Ex. E to the Settlement Agreement (Dkt. 54-1, PageID.893-909).[1] Defendants The Cincinnati Insurance Company, The Cincinnati Casualty Company, The Cincinnati Indemnity Company, Cincinnati Global Underwriting Ltd. ("CGU"), and Cincinnati Specialty Underwriters Insurance Company (collectively "Defendants") do not oppose this motion for final approval of settlement.[2]

---

[1] All capitalized terms used herein that are not otherwise defined have the meanings ascribed to them in the Settlement. *See generally* Dkt. 54-1, PageID.811-859.

[2] As Paragraph 15.1 of the Settlement makes clear, however, Defendants deny liability and, absent settlement, intend to contest each and every claim and cause of action, including whether any aspect of this lawsuit is appropriate for certification as a litigation class.

For purposes of final approval of the settlement, Plaintiff seeks final certification of the following Settlement Class provisionally certified by the Court on January 3, 2024 (Dkt. 56, PageID.958-959):

> All policyholders under any residential or commercial property insurance policy issued by Defendants who had: (a) a Structural Loss that was a Covered Loss for property in Arizona, California, Illinois, Kentucky, Missouri, Ohio, Tennessee, Texas, Vermont, Virginia, Washington, or Wisconsin during the applicable Class Periods; and (b) that resulted in an ACV Payment from which Nonmaterial Depreciation was withheld, or that would have resulted in an ACV Payment but for the withholding of Nonmaterial Depreciation causing the loss to drop below the applicable deductible.

*Id.*

The Settlement Class excludes: (a) policyholders whose claims arose under policy forms, endorsements, or riders expressly permitting Nonmaterial Depreciation within the text of the policy form, endorsement or rider, *i.e.*, by express use of the words "depreciation" and "labor"; (b) policyholders who only made a roof damage claim that arose under a roof surface payment endorsement or similar policy provision, which were paid based on a schedule and not by deducting Depreciation; (c) policyholders who received one or more ACV Payments that exhausted the applicable limits of insurance; (d) policyholders whose claims were denied or abandoned without ACV Payment; (e) Defendants and their officers and directors; (f) members of the judiciary and their staff to whom this Action is assigned and their immediate families; and (g) Class Counsel and their immediate families. *Id.* at PageID.959.

"Class Period" means, for policyholders of all Defendants with Structural Loss claims in Arizona, California, Illinois, Kentucky, Ohio, Tennessee, Texas, Vermont, Virginia, or Washington, dates of loss on or after April 8, 2020 and on or before May 31, 2022. For policyholders of all Defendants with Structural Loss claims in Wisconsin, dates of loss on or after April 8, 2021 and on or before May 31, 2022. For policyholders of all Defendants except CGU

with Structural Loss claims in Missouri, dates of loss on or after April 8, 2012 and on or before May 31, 2022. For policyholders of CGU with Structural Loss claims in Missouri, dates of loss on or after April 8, 2020 and on or before May 31, 2022. *Id.* at PageID.959-960.

In support of this unopposed motion, Plaintiff submits the following:

1. To satisfy the requirements of Rule 23(e) for class certification, a proposed settlement class must satisfy the four requirements stated in Rule 23(a)—that is, numerosity, commonality, typicality, and adequacy of representation—as well as one of the three bases for class certification stated in Rule 23(b). Because the request for class certification arises in the context of a settlement, however, the Court need not analyze whether trial would present intractable management problems. *Amchem Prods., Inc. v. Windsor*, 521 U.S. 591 (1997). Here, all requirements necessary for final approval of a settlement class are satisfied.

2. Numerosity under Rule 23(a)(1) is satisfied for the proposed settlement class because the class includes at least 12,839 potential Settlement Class Members.

3. Commonality under Rule 23(a)(2) is satisfied for the proposed settlement class because there are questions of law or fact common to all members of the proposed class including but not limited to the single, predominating question—whether Defendants can withhold labor and other nonmaterial costs as depreciation under their property insurance policies. Plaintiff's and Class Members' entitlement to prejudgment interest also presents a common issue.

4. Typicality under Rule 23(a)(3) is satisfied for the proposed settlement class because Plaintiff made claims under one of Defendants' standard-form insurance policies, and Defendants withheld labor or other nonmaterial depreciation in making actual cash value payments to Plaintiff. The Class Representative's claims arose from the underpayment of its actual cash value claims, and its claims are identical in all material respects to the claims of the putative class.

5.  Adequacy under Rule 23(a)(4) is satisfied for the proposed settlement class because Plaintiff has fairly and adequately represented and protected the interests of the putative class. Plaintiff has no interests that conflict with those of the class. Further, it retained counsel competent and experienced in class action and insurance litigation.

6.  As required by Rule 23(b)(3), questions of law or fact common to class members of the proposed settlement class predominate over any questions affecting only individual members, and a class action is superior to other available methods for fairly and efficiently adjudicating the controversy. Predominance is satisfied because, *inter alia*, the predominating question in this lawsuit for purposes of settlement class certification remains whether labor or other nonmaterial depreciation can be withheld under Defendants' policies. Superiority is satisfied for the settlement class because of, *inter alia*, the thousands of small value claims at issue, and the interests of the parties and judicial economy favor settlement.

7.  Pursuant to Rule 23(e)(3), Plaintiff states that the only agreement at issue is the Stipulation and Settlement Agreement filed on December 5, 2023 (Dkt. 54-1, PageID.811-859).

8.  Under Rule 23(e)(2), a proposed settlement can be approved based upon adequacy of representation considerations; the existence of arms-length negotiations; and the terms of the settlement in the context of adequacy, the risks of the litigation, fairness to the putative class amongst themselves and in terms of distribution of class member claims and in terms of the attorneys' fees. These factors largely mirror the factors analyzed by the Sixth Circuit. *In re Packaged Ice Antitrust Litig.*, 2018 WL 4520931, at *6 (6th Cir. May 24, 2018).

9.  As more fully set forth in the accompanying Memorandum and supporting Declarations, the Settlement is appropriate for final approval. In summary, the Settlement provides

4

the following categories of relief to Class Members who timely submit a materially complete Claim Form:

**Class Members With Still Withheld Nonmaterial Depreciation**:

> Arizona, California, Illinois, Kentucky, Missouri, Ohio, Tennessee, Texas, Vermont, and Washington Class Members from whom Nonmaterial Depreciation was withheld and not subsequently recovered will receive a payment equal to 100% of the withheld Nonmaterial Depreciation, plus interest at the rate of 5% per annum from the date of the first ACV Payment to the scheduled date of the Final Approval Hearing. Dkt. 54-1, PageID.831, ¶¶ 6.4, 6.6.

> Virginia and Wisconsin Class Members from whom Nonmaterial Depreciation was withheld and not subsequently recovered will receive a payment equal to 80% of the withheld Nonmaterial Depreciation, plus interest at the rate of 5% per annum from the date of the first ACV Payment to the scheduled date of the Final Approval Hearing. Dkt. 54-1, PageID.831, ¶¶ 6.5-6.6.

**Class Members Without Still Withheld Nonmaterial Depreciation**:

> Class Members for whom all Nonmaterial Depreciation that was withheld from ACV Payments was subsequently recovered (*e.g.*, through receipt of replacement cost benefits) will receive a one-time payment in accordance with the schedule set forth below:

| Amount of Nonmaterial Depreciation released: | Claim Settlement Payment: |
|---|---|
| $1 - $5,000 | $25 |
| $5,001 - $10,000 | $50 |
| $10,001 - $20,000 | $100 |
| $20,001 - $40,000 | $200 |
| $40,001 - $60,000 | $300 |
| $60,001 - $80,000 | $400 |
| Greater than $80,000 | $500 |

Dkt. 54-1, PageID.831-832, ¶ 6.7.

10. Attorneys' fees, costs, litigation expenses, and/or service award are to be paid separately by Defendants and will *not* reduce the amount of any Class Member's recovery.

5

11. The proposed settlement class does not include any policyholder that is ineligible for a payment under this Settlement Agreement. In exchange for payment, the class members will release claims limited to the subject matter of this lawsuit (*i.e.*, the systemic practice of withholding labor and other nonmaterial costs as depreciation) and without giving up any claims or arguments unrelated to the subject matter of this lawsuit. All unrelated matters will continue to be adjusted and handled by Defendants in the ordinary course.

12. The settlement was reached through arms-length settlement negotiations, as attested to by Class Counsel in the supporting Declarations, attached hereto as follows:

**Exhibit 1** – Declaration of J. Brandon McWherter

**Exhibit 2** – Declaration of T. Joseph Snodgrass

**Exhibit 3** – Declaration of Erik D. Peterson

WHEREFORE, for these reasons and those set forth in the accompanying Memorandum and Declarations of Class Counsel, Plaintiff respectfully moves for an order consistent with the proposed Final Approval Order previously filed with the Court (Dkt. 54-1, PageID.893-909).

Dated: May 6, 2024                                   Respectfully submitted,

By: *s/ J. Brandon McWherter*
J. Brandon McWherter - #21600
McWherter Scott Bobbitt PLC
341 Cool Springs Blvd., Suite 230
Franklin, TN 37067
Tel: 615-354-1144
Fax: 731-664-1540
brandon@msb.law

T Joseph Snodgrass, *pro hac vice*
Snodgrass Law LLC
100 South Fifth Street, Suite 800
Minneapolis, MN 55402
612-448-2600
jsnodgrass@snodgrass-law.com

Erik D. Peterson (*pro hac vice*)
Erik Peterson Law Offices, PSC
110 West Vine Street, Suite 300
Lexington, KY 40507
800-614-1957
erik@eplo.law

**Class Counsel**

7

**CERTIFICATE OF SERVICE**

I, the undersigned, do hereby certify that a true and exact copy of this Motion has been mailed electronically via the Court's electronic filing system on this the 6th day of May 2024 to all counsel of record:

>Mark A. Johnson (*pro hac vice*)
>Mathew G. Drocton (*pro hac vice*)
>Baker Hostetler LLP
>200 Civic Center Drive, Suite 1200
>Columbus, Ohio 43215-4138
>mjohnson@bakerlaw.com
>mdrocton@bakerlaw.com
>
>George T. Lewis
>Ryan A. Strain
>Baker Donelson
>165 Madison Avenue
>Memphis, TN 38103
>blewis@bakerdonelson.com
>rstrain@bakerdonelson.com

*s/ J. Brandon McWherter*