UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| BELLE MEADE OWNERS ASSOCIATION, INC., individually and on behalf of others similarly situated, ) ) ) ) Plaintiff, ) ) v. ) ) THE CINCINNATI INSURANCE COMPANY, *et al.*, ) ) ) Defendants. ) | No. 3:22-CV-00123-JRG-DCP |

## ORDER AND JUDGMENT GRANTING FINAL APPROVAL TO CLASS ACTION SETTLEMENT

Before the Court is Plaintiff's Motion for Final Approval of Class Action Settlement, filed on May 6, 2024. Also before the Court is Class Counsel's Motion for Attorneys' Fees, Costs, and Expenses and Request for Service Award, filed on May 6, 2024.

Plaintiff Belle Meade Owners Association, Inc. ("Plaintiff"), individually and on behalf of the Settlement Class, and Defendants The Cincinnati Insurance Company, The Cincinnati Casualty Company, The Cincinnati Indemnity Company, Cincinnati Global Underwriting Ltd. ("CGU"), and Cincinnati Specialty Underwriters Insurance Company (individually and collectively, "Defendants"), have agreed, subject to Court approval, to settle this litigation pursuant to the terms and conditions set forth in the Stipulation and Settlement Agreement dated December 5, 2023 (the "Agreement") filed with the Court on December 5, 2023.

On January 3, 2024, the Court granted preliminary approval of the proposed class action settlement set forth in the Agreement (the "Settlement") and provisionally certified the Settlement Class for settlement purposes only. Class Notice was issued in accordance with the preliminary

approval order, and on May 13, 2024, the Court held a duly noticed final approval hearing.

The Court has read and considered the Agreement and the foregoing motions and supporting memoranda, and all Rule 23(e) factors applicable to the potential approval of the Settlement. The Court independently evaluated the Court record, the Settlement, Plaintiff's and Class Counsel's motions, and the responses and lack of responses to Class Notice by Class Members. The Court finds and holds as follows:

## I. FINDINGS OF FACT

1. Plaintiff filed this Action on April 8, 2022, asserting a claim for breach of contract on behalf of itself and a putative class of policyholders of Defendant The Cincinnati Insurance Company with Structural Loss property claims in Arizona, California, Illinois, Kentucky, Missouri, Ohio, Tennessee, Texas, Vermont, Virginia, Washington, or Wisconsin under residential and commercial insurance policies. Plaintiff alleges that Defendants improperly deducted Nonmaterial Depreciation from actual cash value payments ("ACV Payments") when adjusting Structural Loss property claims. Defendants have denied, and still deny, any liability, wrongdoing, and damages with respect to the matters alleged in the Complaint and Amended Complaint.

2. After litigation between the Parties and arms-length negotiations between Class Counsel and Defendants' Counsel, Plaintiff and Defendants reached a settlement that provides substantial benefits to the Settlement Class, in return for a release and dismissal of claims against Defendants. The Settlement was reached after the Parties had engaged in extensive and lengthy negotiations, including a mediation session before a neutral third-party mediator, former Magistrate Judge Stephen C. Williams. Counsel for the Parties were, therefore, well positioned to evaluate the benefits of the Settlement, considering the expense, risk, and uncertainty of protracted litigation with respect to numerous difficult questions of law and fact.

3. Plaintiff and Defendants executed the Agreement and exhibits thereto on December 5, 2023 (collectively, the "Agreement").

4. The terms and conditions in the Agreement are hereby incorporated by reference as though fully set forth in this Final Judgment, and the definitions and terms in the Agreement will have the same meanings in this Final Judgment.

5. On December 5, 2023, Plaintiff filed with the Court the Agreement along with an unopposed Motion for Preliminary Approval of Class Action Settlement [Doc. 54].

6. At the same time as filing the Motion for Preliminary Approval, by agreement of the Parties, Plaintiff also filed an Amended Complaint identical in all respects to the Complaint, adding The Cincinnati Casualty Company, The Cincinnati Indemnity Company, Cincinnati Global Underwriting Ltd. ("CGU"), and Cincinnati Specialty Underwriters Insurance Company as defendants (with Defendant The Cincinnati Insurance Company, individually and collectively, "Defendants").

7. On January 3, 2024, the Court, entered the Preliminary Approval Order, preliminarily approving the Agreement, preliminarily certifying the Settlement Class for settlement purposes only, and scheduling a hearing for May 13, 2024, at 9:00 a.m. to consider final approval of the Proposed Settlement and other actions described in the Preliminary Approval Order ("Final Approval Hearing").

8. As part of its Preliminary Approval Order, the Court conditionally certified a class of policyholders for settlement purposes ("Settlement Class") defined as follows:

> All policyholders under any residential or commercial property insurance policy issued by Defendants, who had: (a) a Structural Loss that was a Covered Loss for property in Arizona, California, Illinois, Kentucky, Missouri, Ohio, Tennessee, Texas, Vermont, Virginia, Washington, or Wisconsin during the applicable Class Periods; and (b) that resulted in an ACV Payment from which Nonmaterial Depreciation was withheld, or that would have resulted in an ACV Payment but for the withholding of Nonmaterial

3

Depreciation causing the loss to drop below the applicable deductible.

"Class Periods" in the foregoing mean the following time periods:

> For policyholders of all Defendants with Structural Loss claims in Arizona, California, Illinois, Kentucky, Ohio, Tennessee, Texas, Vermont, Virginia, or Washington, dates of loss on or after April 8, 2020, and on or before May 31, 2022;
>
> For policyholders of all Defendants with Structural Loss claims in Wisconsin, dates of loss on or after April 8, 2021, and on or before May 31, 2022;
>
> For policyholders of all Defendants except CGU with Structural Loss claims in Missouri, dates of loss on or after April 8, 2012, and on or before May 31, 2022;
>
> For policyholders of CGU with Structural Loss claims in Missouri, dates of loss on or after April 8, 2020, and on or before May 31, 2022.

The Settlement Class does not include: (a) policyholders whose claims arose under policy forms, endorsements, or riders expressly permitting Nonmaterial Depreciation within the text of the policy form, endorsement or rider, *i.e.*, by express use of the words "depreciation" and "labor"; (b) policyholders who only made a roof damage claim that arose under a roof surface payment endorsement or similar policy provision, which were paid based on a schedule and not by deducting Depreciation; (c) policyholders who received one or more ACV Payments that exhausted the applicable limits of insurance; (d) policyholders whose claims were denied or abandoned without ACV Payment; (e) Defendants and their officers and directors; (f) Members of the judiciary and their staff to whom this action is assigned and their immediate families; and (g) Class Counsel and their immediate families.

9. On May 6, 2024, Plaintiff applied to the Court for final approval of the terms of the Proposed Settlement and for the entry of this Final Judgment. In support, Plaintiff submitted extensive argument and authority, along with various exhibits and evidence showing, *inter alia*: the dissemination and adequacy of the Class Notice, Claim Form, and Postcard Notice; the establishment of an automated toll-free number and Settlement website; the names of potential Class Members who, under the terms of the Agreement, submitted a timely and proper request for exclusion from the Settlement Class; the arms-length nature of the negotiation of the Agreement; and the fairness, reasonableness, and adequacy of the Agreement.

4

10. In addition, on May 6, 2024, Class Counsel submitted a motion to approve attorneys' fees, costs and expenses and request for service award, which included evidence as to the fairness and reasonableness of those requests with extensive argument and authority.

11. With these motions, Plaintiff offered the following evidence in support:

| Exhibit No. | Description |
| --- | --- |
| 1 | Declaration of J. Brandon McWherter |
| 2 | Declaration of T. Joseph Snodgrass |
| 3 | Declaration of Erik D. Peterson |

The Court admitted Plaintiff's Exhibits 1 through 3 into evidence for all purposes. The Court also admitted the Declaration of Ryan Bahry Regarding Settlement Administration, which was filed on May 6, 2024, into evidence for all purposes.

10. Plaintiff and the Administrator, JND Legal Administration, have satisfactorily demonstrated that the Class Notice, Claim Form, and Postcard Notice were mailed, and an automated toll-free number and Settlement website were established in accordance with the Agreement and Preliminary Approval Order.

13. The Court further finds that notices concerning the Settlement required by the Class Action Fairness Act of 2005, 28 U.S.C. §§ 1715, *et seq.*, have been sent and that Defendants have fully complied with such notice requirements.

14. The Settlement provides substantial potential monetary benefits to Class Members who timely submit completed Claim Forms that are eligible for Claim Settlement Payments. In addition, Defendants have agreed to fund the costs of notice and settlement administration. The claims procedure established under the Agreement is uniform and fair and provides Class Members with an extended and ample opportunity to submit claims for Claim Settlement

Payments as described in the Agreement.

15. All potential Class Members were provided an opportunity to request exclusion from the Settlement Class as described in the Agreement and Class Notice. The Court finds that the individual interests of those Class Members who timely sought exclusion from the Settlement Class are preserved and that no person was prevented from being excluded from the Settlement Class if desired. Those persons who timely and properly excluded themselves from the Settlement Class are identified on the attached Exhibit 1.

16. Class Members who did not timely file and serve an objection in writing to the Agreement, to the entry of this Final Judgment, to Class Counsel's application for attorneys' fees, costs, and expenses, or to the service award to Plaintiff, in accordance with the procedure set forth in the Agreement and mandated in the Preliminary Approval Order, are deemed to have waived any such objection through any appeal, collateral attack, or otherwise.

17. At the Final Approval Hearing, the Court considered, among other matters described herein: (a) whether certification of the Settlement Class for settlement purposes only was appropriate under Rule 23; (b) whether the terms and conditions of the Agreement are fair, reasonable, and adequate; (c) whether judgment should be entered dismissing the Plaintiff's claim on the merits and with prejudice, including the claims of Class Members who have not requested exclusion from the Settlement Class; and (c) whether, and in what amount, to award attorneys' fees, costs and expenses to Class Counsel and a service award to Plaintiff. The Court independently evaluated not only the pleadings, evidence, and arguments of Class Counsel and Defendants' Counsel, but also rigorously and independently evaluated the Agreement and the motions, and as such, the Court considered any arguments that reasonably could be made against approval of the Proposed Settlement and motion for attorneys' fees and service award,

6

even if such arguments were not actually presented to the Court by objection, pleading, or oral argument.

18. Based on the matters presented in this Action and the provisions of the Agreement, pursuant to Federal Rule of Civil Procedure 23, the Court finds that the Settlement is a fair, reasonable, and adequate compromise of Settlement Class claims against Defendants. In considering a number of factors, the Court finds that:

> 18.1 The liability issues in this Action and the suitability of this Action for certification of a litigation class have been and would be vigorously contested, particularly with respect to litigation manageability requirements;
>
> 18.2 This Settlement has the benefit of providing substantial benefits to Class Members now, without further litigation, under circumstances when the liability issues are still vigorously contested among the Parties and the outcome of any class trial or appeal remains uncertain;
>
> 18.3 The Settlement is clearly a byproduct of adversary litigation between the Parties and arms-length negotiation, which negotiation was facilitated by former Magistrate Judge Stephen C. Williams, and was not a result of any collusion on the part of Class Counsel and Defendants; and
>
> 18.4 Class Counsel's request for an award of fees and reimbursement of costs and expenses is reasonable, fair, and in all respects consistent with the terms of the Agreement.

Therefore, on the basis of the foregoing findings of fact and the oral findings of fact articulated at the Final Approval Hearing, the Court makes the following:

## II. CONCLUSIONS OF LAW

19. The Court has personal jurisdiction over Plaintiff, Defendants, and Class Members; venue is proper; and the Court has subject matter jurisdiction to approve the Agreement, including all exhibits thereto, to grant final certification of the Settlement Class, to settle and release the Released Claims of Plaintiff and Class Members, and to enter this Final Judgment and to dismiss this Action on the merits and with prejudice, pursuant to 28 U.S.C. § 1332(d)(2).

20. The Court finds that the Settlement Class meets all requirements of Federal Rule of

Civil Procedure 23, Due Process under the United States Constitution, and all other applicable rules and laws, in that: (a) Class Members are reasonably ascertainable, and are so numerous that joinder of all Class Members is impracticable; (b) there are questions of law and fact common to the Settlement Class; (c) the claims of Plaintiff are typical of the claims of Class Members; (d) Plaintiff and Class Counsel have and will continue to fairly and adequately represent the interests of the Settlement Class for purposes of the Settlement; (e) the questions of law and fact common to Class Members predominate over any questions affecting any individual Class Member; and (f) a class action is manageable and superior to the other available methods for the fair and efficient adjudication of claims under the Settlement. Accordingly, this Court hereby finally certifies the Settlement Class.

21. Based on the Court's review of the evidence admitted and argument of counsel, the Court finds and concludes that the Class Notice and Claim Form were mailed to potential Class Members in accordance with the provisions of the Preliminary Approval Order, and together with the Postcard Notice, the automated toll-free telephone number, and the Settlement website: (a) constituted notice that was the most effective and reasonably practicable of the Settlement, the right to object or to exclude themselves from the Settlement and Settlement Class, and the right to appear at the Final Approval Hearing, sent to all potential Class Members who could be identified through reasonable effort; and (b) meets all legal requirements, including the requirements of Federal Rule of Civil Procedure 23, the United States Constitution, the rules of this Court, and any other applicable rules or laws.

22. Persons who wished to object to the Settlement were provided an opportunity to submit an objection as described in the Class Notice and on the Settlement website and had a full and fair opportunity to present the objection at the fairness hearing.

23. The Final Approval Hearing and evidence before the Court clearly support a finding that the Agreement was entered into in good faith after arms-length negotiations between Plaintiff and Defendants, and the Court so finds.

24. The Court finds that approval of the Settlement will result in substantial savings in time and resources to the Court and the litigants and will further the interests of justice. Further, the Court finds that the Settlement is fair, reasonable, and adequate as to, and in the best interests of, members of the Settlement Class based on discovery, due diligence, and the absence of material objections sufficient to deny approval.

25. A review of the following factors supports a finding that the Settlement is fair, reasonable and adequate:

    a. The risk of fraud or collusion;

    b. The complexity, expense and likely duration of the litigation;

    c. The amount of discovery engaged in by the parties;

    d. The likelihood of success on the merits;

    e. The opinions of class counsel and class representatives;

    f. The reaction of Class Members; and

    g. The public interest.

*Int'l Union, United Auto., Aerospace, & Agr. Implement Workers of America v. General Motors Corp.*, 497 F.3d 615, 631 (6th Cir. 2007) ("*UAW*").

26. The notice campaign was highly successful and resulted in notice being mailed to approximately 12,800 potential Class Members. Only five Persons requested exclusion from the Settlement Class and no Class Members filed objections to the Agreement. The relative lack of exclusion requests and opposition by a well-noticed Settlement Class strongly

supports the fairness, reasonableness, and adequacy of the Settlement.

27. The Court, in evaluating the fairness, reasonableness, and adequacy of the Settlement, considered all objections that were filed or that reasonably could have been raised by any Class Member. After considering all possible objections, the Court finds that the Settlement is fair, reasonable, and adequate under applicable law and the *UAW* factors.

28. The claim process as set forth in the Agreement is fair, reasonable, and adequate to Class Members. Any Class Members who did not timely request exclusion from the Settlement Class in accordance with the Agreement are forever barred from asserting a Released Claim against a Released Person in any other action or proceeding.

29. Class Counsel's request for no more than $1,200,000 in attorneys' fees, costs, and expenses, which represents approximately 24.7% of the total benefit made available to the Class and without any reduction in the payments to be made to Settlement Class Members, and for a service award to Plaintiff of no more than $7,500, to be paid by Defendants, are fair and reasonable under the circumstances. *Gascho v. Global Fitness Holdings, LLC*, 822 F.3d 269, 279-88 (6th Cir. 2016); *Pelzer v. Vassalle*, 655 F. App'x 352, 361 (6th Cir. 2016).

**IT IS ORDERED, ADJUDGED AND DECREED THAT:**

30. The objections to the Agreement, if any, are hereby overruled.

31. Pursuant to Federal Rule of Civil Procedure 23, final certification of the Settlement Class is confirmed for the purpose of the Settlement, in accordance with the Agreement.

32. Timely requests for exclusion were submitted by five (5) potential members of the Settlement Class and those potential Class Members, (identified in Exhibit 1 hereto), are excluded from the Settlement Class. All members of the Settlement Class are adjudged to be members of the Settlement Class and are bound by this Final Judgment and by the Agreement, including the Releases provided for in the Agreement and this Final Judgment.

33. Plaintiff's Motion for Final Approval is hereby **GRANTED** and all provisions and terms of the Agreement are hereby finally approved in all respects. The Parties to the Agreement are directed to consummate the Agreement in accordance with its terms, as may be modified by subsequent orders of this Court.

34. The Court hereby enters Final Judgment as to all claims in the Action between Plaintiff and Class Members and Defendants, approving and adopting all terms and conditions of the Settlement, fully and finally terminating all claims of Plaintiff and the Settlement Class in this Action against Defendants, on the merits, with prejudice, and without leave to amend.

35. Pursuant to Rule 23(a) and (g), Plaintiff is appointed as the class representative for the Settlement Class, and the following attorneys are appointed as counsel for the Settlement Class ("Class Counsel"):

| | |
|---|---|
| Erik D. Peterson<br>Erik Peterson Law Offices, PSC<br>110 West Vine Street<br>Suite 300<br>Lexington, KY 40507<br>800-614-1957<br>erik@eplo.law | T Joseph Snodgrass<br>Snodgrass Law LLC<br>100 South Fifth Street<br>Suite 800<br>Minneapolis, MN 55402<br>612-448-2600<br>jsnodgrass@snodgrass-law.com |

J. Brandon McWherter
McWherter Scott Bobbitt PLC
341 Cool Springs Blvd.
Suite 230
Franklin, TN 37067
615-354-1144
brandon@msb.law

36. Upon the entry of this Final Judgment, Plaintiff, all Class Members who did not timely and property exclude themselves from the Settlement Class, and all other Releasing Persons, will be bound by this Final Judgment and shall be conclusively deemed to have fully released, acquitted and forever discharged, to the fullest extent permitted by law, Defendants and

all other Released Persons from all of the Released Claims, as defined herein and in the Agreement, and shall be conclusively bound by this Final Judgment under the doctrines of res judicata, collateral estoppel, and claim and issue preclusion, and agree not to sue any Released Person with respect to any Released Claims. Plaintiff and all Class Members who did not timely and properly exclude themselves from the Settlement Class shall be deemed to agree and acknowledge that the foregoing releases were bargained for and are a material element of the Agreement. The Agreement shall be the exclusive remedy for all Class Members with regards to Released Claims.

37. The Releases set forth in Section 9 of the Agreement are incorporated here in all respects and are effective as of the entry of this Final Judgment. Although the definitions in the Agreement are incorporated in and a part of this Final Judgment, for avoidance of doubt and ease of reference, some of those definitions are repeated as follows:

    37.1 "ACV Payment" means an actual cash value payment made on an insurance claim for a Structural Loss, calculated by estimating the cost to repair or replace covered damage, and subtracting estimated Depreciation, including Nonmaterial Depreciation, and any applicable deductible.

    37.2 "Affiliate" of any entity means any person or entity which controls, is controlled by, or is under common control with such entity directly or indirectly. The term "control" means the possession, directly or indirectly, of the power to direct or cause the direction of the management and policies of an entity, whether through the ownership of voting securities, by contract or otherwise, and the terms "controlled" and "controlling" have meanings correlative thereto.

    37.3 "CGU" means Cincinnati Global Underwriting Ltd.

    37.4 "Covered Loss" means a first party insurance claim for Structural Loss that (a) occurred during the Class Periods, (b) Defendants or a court of competent jurisdiction determined to be covered under a property insurance policy issued by Defendants, and (c) resulted in an ACV Payment by Defendants, or would have resulted in an ACV Payment but for the deduction of Nonmaterial Depreciation.

    37.5 "Defendants" mean individually and collectively The Cincinnati Insurance Company, The Cincinnati Casualty Company, The Cincinnati Indemnity Company,

Cincinnati Global Underwriting Ltd., and Cincinnati Specialty Underwriters Insurance Company, and each and all of their successors and predecessors in interest, assigns, divisions, representatives, officers, directors, shareholders, agents, managing agents, employees, attorneys, auditors, accountants, brokers, surplus lines brokers, underwriters, advisers, insurers, co-insurers, re-insurers, consultants, vendors, independent contractors, and legal representatives.

37.6 "Depreciation" means an estimated amount subtracted from the estimated cost to repair or replace a Structural Loss when calculating an ACV Payment, reflecting the age, condition, wear and tear and/or obsolescence of item(s) of damaged property.

37.7 "Effective Date" means the first date on which all of the following conditions have occurred: (a) all Parties have executed this Agreement; (b) no party has terminated the Agreement; (c) the Court has entered the Preliminary Approval Order; (d) the Court has entered a Final Judgment approving the Agreement and the Proposed Settlement, releasing all of the Released Persons from all of the Released Claims, and dismissing the Action with prejudice and without leave to amend; and (e) the Final Judgment has become Final.

37.8 "Final" means, with respect to a judgment or order that: (a) the time has expired to file an appeal, motion for reargument, motion to alter or amend judgment, motion for rehearing, petition for a writ of certiorari or other motion or writ ("Review Proceeding") with no such Review Proceeding having been filed; or (b) if a Review Proceeding has been filed, (i) the judicial ruling or order has been affirmed without modification and with no further right of review, or (ii) such Review Proceeding has been denied or dismissed with no further right of review, in all cases so as to permit the implementation of the Settlement in accordance with and without material change to this Agreement.

37.9 "Nonmaterial Depreciation" means Depreciation of labor costs or general contractor overhead and profit, but not Depreciation of materials, sales tax, or other items, and that is subtracted from the estimated cost to repair or replace a Structural Loss in determining an ACV Payment. Nonmaterial Depreciation includes Depreciation resulting from application of the "Depreciate Removal," "Depreciate Non-Material," and "Depreciate O&P" option settings within Xactimate® estimating software, or application of the "Depreciate Labor" and "Depreciate Overhead and Profit" option settings within Symbility/CoreLogic estimating software.

37.10 "Released Claims" and "Releases" means and includes any and all claims, Unknown Claims, actions, causes of action, allegations, suits, debts, sums of money, payments, obligations, reckonings, promises, damages, interest, penalties, attorney's fees and costs, liens, judgments, and demands of any kind whatsoever that each Releasing Person has or may have had prior to the Effective Date and arising from a loss during the Class Periods, whether *ex contractu* or *ex delicto*,

13

debts, liens, contracts, liabilities, agreements, attorneys' fees, costs, penalties, interest, expenses, or losses (including actual, consequential, statutory, extra-contractual and punitive or exemplary damages), and whether arising under or based on contract, extra-contractual or tort theories, at law or in equity, or under federal, state, or local law, statute, ordinance, rule or regulation, whether asserted individually or in a representative capacity, whether past or present, mature or not yet mature, known or unknown, that Plaintiff or any Class Members have or may have had against Defendants or any other Released Persons that relate to, concern, arise from, or pertain in any way to: (a) Nonmaterial Depreciation, including, but not limited to, calculation, deduction, determination, inclusion, modification, omission, or withholding of Nonmaterial Depreciation, in the adjustment or payment of any Covered Loss; (b) any and all claims that were or could have been brought pertaining to the calculation, deduction, determination, inclusion, modification, omission, or withholding of Nonmaterial Depreciation in the adjustment or payment of any Covered Loss; (c) the allegations and claims contained in the complaint and amended complaint in the Action concerning the alleged systematic practice of deducting Nonmaterial Depreciation from payments for a Covered Loss through the use of estimating software; or (d) any alleged conspiracy in connection with the matters described in subsections (a) – (c).

Released Claims do not include: (a) any claims that are not a Structural Loss; (b) claims for replacement cost benefits for a Covered Loss that are made after the date of Final Judgment and determined pursuant to the terms and conditions of policies of insurance; (c) claims arising after the Effective Date or outside the Class Periods; (d) claims for valuation or payment of a Covered Loss that are not related to the withholding of Nonmaterial Depreciation from an ACV Payment; (e) Class Members' rights and obligations under this Agreement; and (f) claims of potential Class Members who timely and properly submit a request for exclusion from the Settlement Class in accordance with this Agreement.

37.11 "Released Persons" mean, individually and collectively, (a) Defendants and all of their past and present Affiliates, divisions, parent entities, associated entities, partners, and subsidiaries, independent adjusting companies and consultants acting for those entities; and (b) all past and present successors and predecessors in interest, assigns, acquirers, divisions, representatives, officers, directors, shareholders, agents, managing agents, employees, attorneys, auditors, accountants, brokers, surplus lines brokers, underwriters, advisers, insurers, co-insurers, re-insurers, consultants, vendors, independent contractors, employees, and legal representatives of the Persons listed in subsection (a).

37.12 "Releasing Persons" mean Plaintiff and all Class Members who do not properly and timely opt out of the Settlement Class, and their respective spouses, domestic partners, family members, executors, representatives, administrators, guardians, wards, heirs, attorneys-in-fact, estates, bankruptcy estates, bankruptcy trustees, successors, predecessors, attorneys, agents and assigns, and all those who claim through them or who assert claims (or could assert claims) on their behalf.

37.13 "Structural Loss" means physical damage to a dwelling, commercial building, or other structure located in Arizona, California, Illinois, Kentucky, Missouri, Ohio, Tennessee, Texas, Vermont, Virginia, Washington, or Wisconsin while covered by a property insurance policy issued by Defendants.

38. In order to protect the continuing jurisdiction of the Court and to protect and effectuate this Final Judgment, the Court permanently bars and enjoins Plaintiff, all Class Members who do not properly and timely exclude themselves from the Settlement Class, and all Releasing Persons from filing, commencing, prosecuting, intervening in, maintaining, or participating in any other action or proceeding before any court or tribunal regarding any Released Claims against any Released Persons, or organizing any Class Members into a separate class for purposes of pursuing as a purported class action any lawsuit regarding any Released Claims against any Released Persons. Any person in contempt of this injunction may be subject to sanctions, including payment of reasonable attorneys' fees incurred in seeking enforcement of the injunction.

39. The Agreement, the negotiations and proceedings connected with it, this Final Judgment, administration of the Settlement, or any acts, statements, and documents related in any way to the Agreement or Settlement shall not be: (a) construed as an admission or concession by Defendants of (i) the truth of any of the allegations in the Action, (ii) of any liability, fault, or wrongdoing of any kind by Defendants or any Released Persons, or (iii) that this Action may be properly maintained as a litigation class; (b) offered or admitted into evidence in any action or proceeding in any court, administrative hearing or proceeding, or other tribunal, as proof that Defendants or any Released Persons have admitted or conceded matters described under subsection (a); or (c) used in any way as precedent for any purportedly similar matter.

40. Notwithstanding the foregoing, this Final Judgment and the Agreement (including the Exhibits thereto) may be filed in any action against or by any Released Person in order to support any argument, defense or counterclaim, including, without limitation, those based on

15

principles of *res judicata*, collateral estoppel, release, good faith settlement, judgment bar or reduction, or any other theory of claim preclusion, issue preclusion, or similar defense or counterclaim.

41. Confidential Information of Defendants shall be protected from disclosure and handled in accordance with the terms of the Agreement, and Class Counsel and any other attorneys for Plaintiff in this Action shall destroy or return to Defendants' Counsel all Confidential Information in their possession, custody, or control as set forth in the Agreement.

42. Class Counsel's motion for attorneys' fees, costs, and expenses and a service award is hereby **GRANTED**. Pursuant to Rule 23(h), the Court awards Class Counsel the total sum of $1,200,000, in attorneys' fees, costs, and expenses. In addition, the Court awards the Plaintiff a service award of $7,500. The Court finds that these amounts are fair and reasonable. Defendants shall pay such amounts pursuant to the terms of the Agreement. Defendants shall not be responsible for and shall not be liable with respect to the allocation among Class Counsel or any other person who may assert a claim thereto, of attorneys' fees, costs, and expenses awarded by the Court.

43. Plaintiff and Class Counsel have represented and warranted that there are no outstanding liens or claims against the Action and have acknowledged that Plaintiff and Class Counsel will be solely responsible for satisfying any liens or claims asserted against the Action.

44. Class Members who timely file a completed Claim Form and are eligible under the Agreement for Claim Settlement Payments shall be paid in the amounts, within the time period, and in the manner described in the Agreement.

45. The Court appoints Benjamin A. "B.J." Joplin of Gibson & Associates, Professional Claims Management, Inc, P.O. Box 4541, Springfield, MO 65808 as the Neutral

Evaluator to carry out the duties and responsibilities set forth in the Agreement. Plaintiff, Class Counsel, Defendants, and Defendants' Counsel shall not be liable for any act or omission of the Neutral Evaluator.

46. The Parties are hereby directed to implement and consummate the Settlement according to its terms and provisions, as may be modified by Orders of this Court. Without further order of the Court, the Parties may agree to reasonable extensions of time to carry out any of the provisions of the Agreement, as may be modified by the Preliminary Approval Order or this Judgment.

47. Within 10 days after the Effective Date, Plaintiff and Class Members shall dismiss with prejudice all Released Claims asserted in any actions or proceedings that have been brought by or involve any Class Member in any jurisdiction.

48. If the Effective Date does not occur, or this Judgment does not become Final, this Judgment shall automatically be rendered null and void and shall be vacated and, in such event, all orders entered and releases delivered in connection herewith shall be null and void.

49. This Action is dismissed in its entirety on the merits, with prejudice without fees (including attorneys' fees) or costs to any party, except as otherwise provided in this Final Judgment.

50. Pursuant to Rule 54(b), the Court hereby enters Final Judgment as described herein and expressly determines that there is no just reason for delay.

51. Without impacting the finality of this Final Judgment, the Court retains jurisdiction over the construction, interpretation, consummation, implementation, administration, and enforcement of the Agreement, this Final Judgment, and the Settlement, and any other matters related or ancillary to any of the foregoing. Further, the Court retains jurisdiction to protect,

17

preserve, and implement the Agreement, including, but not limited to, enforcement of the Releases contained in the Agreement, and to enter such further orders as may be necessary or appropriate in administering and implementing the terms and provisions of the Agreement.

**SO ORDERED** this 13th day of May, 2024.

ENTER:

s/J. RONNIE GREER
UNITED STATES DISTRICT JUDGE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| BELLE MEADE OWNERS ASSOCIATION, INC., individually and on behalf of others similarly situated,<br><br>    Plaintiff,<br><br>v.<br><br>THE CINCINNATI INSURANCE COMPANY, *et al.*,<br><br>    Defendants. | No. 3:22-CV-00123-JRG-DCP |

## EXHIBIT 1: EXCLUSION LIST

The following persons timely and properly excluded themselves from the Settlement Class:

1. C. Rosengarten
2. J. McClelland
3. Three Five One Ltd.
4. Tailgate LLC
5. D. Dryer
6. M. Dryer